UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WESLEY S. WALLER,

                          Plaintiff,

v.                                       Case No.  5:04-cv-488-Oc-10GRJ

JO ANNE B. BARNHART,
Commissioner of Social Security,

                          Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment. (Doc. 8.)[2] Plaintiff has filed a response (Doc. 14),[3] and the matter is now ripe for review. For the reasons discussed below, the Court concludes that  Defendant's Motion for Summary Judgment (Doc. 8) is due to be **GRANTED**.[4]

## I. BACKGROUND & FACTS[5]

On May 27, 2004, the Administrative Law Judge ("ALJ") issued a decision unfavorable to Plaintiff.[6] The Appeals Council issued its denial of Plaintiff's request for

---

[1]  Specific written objections may be filed in accordance with 28 U.S.C. §636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

[2] Defendant has also filed a Supplemental Memorandum in Support of Defendant's Motion for Summary Judgment. (Doc. 16.)

[3] Plaintiff also filed a Response To Defendant's Supplemental Response. (Doc. 17.)

[4] The Court previously notified the parties that the Court intended to treat the motion as a motion for summary judgment because matters outside of the pleadings were being considered and, accordingly, as required by the Eleventh Circuit the Court provided the parties with notice and an opportunity to file any further evidentiary materials. *See*, Doc. 15.

[5] Plaintiff stipulates to Defendant's statement of the procedural history in this matter. Hence, most of the procedural history is gleaned from Defendant's motion and attachments thereto.

[6] *See* Declaration of John J. Timlin, Doc. 8, Ex.  2 at ¶ 3(a).

review of the ALJ's decision on August 12, 2004, and mailed notice of its decision to Plaintiff.[7] According to Plaintiff, he received the notice six (6) days later, on August 18, 2004.[8]  The notice informed Plaintiff that he could file a civil action for judicial review of the Commissioner's final decision within sixty (60) days of receipt of the notice.[9] It also stated that receipt is presumed to occur within five days after the date of the notice.[10] Finally, the notice informed Plaintiff that, with good reason, he could request an extension of time in which to file a civil action.[11]

On August 27, 2004, David Schaffer, Plaintiff's non-lawyer representative during the administrative proceedings before the Commissioner, contacted Plaintiff by telephone and stated that he was not able to represent Plaintiff on appeal because he was not a lawyer.[12] Schaffer instructed Plaintiff to file the appeal in federal court, and he also encouraged Plaintiff to do so because the ALJ "mistreated" Plaintiff and "didn't like [Plaintiff]."[13] Pursuant to the representative's instructions, a letter was typed by Plaintiff's friend, "Christina," and was sent to the Social Security Administration's General

---

[7] *Id.*  The Appeals Council's denial of Plaintiff's request for review rendered the ALJ's decision the final decision of the Commissioner giving rise to judicial review. *See* Sims v. Apfel, 530 U.S. 103, 106-107 (2000).

[8] Claimant's Affidavit, Doc. 14, Ex. A, at ¶ 8.

[9] Notice of Appeals Council Action, Doc. 16, Ex. 3.

[10] *Id.*

[11] *Id.*

[12] Claimant's Affidavit, Doc. 14, Ex. A, at ¶ 9.

[13] *Id.* at ¶¶ 9 & 10.

Counsel's office rather than to the Appeals Council.[14] The letter, which was sent by certified mail, was dated August 27, 2004.[15] According to the certified mail return receipt, the letter was received by the Social Security Administration on September 2, 2004.[16] In the letter, Plaintiff requested that the General Counsel grant him an extension of time to obtain an attorney so that he could file a civil action.[17]

According to Plaintiff, his depression and anxiety apparently worsened when he learned that Mr. Schaffer was not an attorney.[18] For the next two months, he was depressed every day, withdrew to his room, felt extremely tired, and gained thirty (30) pounds.[19] At some point between August 27 and October 9, 2004, with the assistance of his wife and a friend, Plaintiff contacted his present attorney's law firm. Someone at the law firm advised Plaintiff that he needed to provide the firm with the Social Security decisions,[20] and Plaintiff did so on October 9, 2004 - nine (9) days before the sixty (60) day period to file an appeal would elapse on October 18, 2004.[21] According to a

---

[14] *Id.* at ¶ 11.

[15] Plaintiff's Letter, Doc. 8, Ex. A.

[16] *Id.*

[17] *Id.*

[18] Claimant's Affidavit, Doc. 14, Ex. A, at ¶ 14.

[19] *Id.*

[20] In view of the Claimant's Affidavit and the Affidavit of Archie Blair (Doc. 14, Ex. B), counsel's paralegal, it is unclear who initially interfaced with Plaintiff and told him to gather and provide the documents. Presumably, it was Blair.

[21] Claimant's Affidavit, Doc. 14, Ex. A, at ¶ 15. Defendant advises that the sixty day period technically closed on October 16, 2004, but because that date fell on a Saturday, it was automatically extended to Monday, October 18, 2004. *See* Defendant's Motion to Dismiss, Doc. 8, at p. 2.

paralegal at the law firm, Plaintiff's counsel "was unable to meet with [him] or [the Plaintiff], or consider the merits of his claim until October 22, 2004."[22]

Pursuant to 42 U.S.C. §405(g), Plaintiff filed this action on November 5, 2004 to obtain judicial review of the final decision of the Commissioner denying his applications for a period of disability, disability insurance benefits, and Supplemental Security Income benefits under Titles II and XVI of the Social Security Act ("Act"). It is undisputed that Plaintiff filed the complaint eighteen days after the sixty day statute of limitations[23] expired.

Defendant contends that because the complaint was not filed within sixty days of Plaintiff's receipt of the Appeals Council's decision, the complaint is due to be dismissed for failure to state a claim upon which relief may be granted. Alternatively, Defendant maintains that because there is no genuine issue of material fact concerning the tardiness of Plaintiff's complaint, she is entitled to judgment as a matter of law.

In response, Plaintiff asserts that Defendant's motion should be denied for two reasons. First, he claims to have raised a "colorable constitutional issue" by alleging that his mental impairment and depression precluded him from complying with the limitations period for filing a civil action. Second, he maintains that equitable tolling of the sixty day period is appropriate in this case based on Plaintiff's misdirected attempt to obtain an extension from the Commissioner, the "minimal nature of the late filing,"

---

[22] Affidavit of Archie Blair, Doc. 14, Ex. B.

[23] 42 U.S.C. § 405 (g).

and the detrimental effects of his mental impairment and depression throughout this time period.

## II. <u>STANDARD OF REVIEW</u>

Summary judgment is authorized "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[24] Summary judgment is appropriate only in circumstances where "the evidence is such that a reasonable jury could [not] return a verdict for the nonmoving party."[25] The moving party bears the burden of proving that no genuine issue of material fact exists.[26] If the moving party meets this burden, the non-moving party then has the burden to come forward with specific facts showing that there is a genuine issue for trial as to elements essential to the non-moving party's case.[27]

In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party.[28] The court may not weigh conflicting evidence or weigh the credibility of the parties.[29] If a reasonable fact finder could draw more than one inference from the facts,

---

[24] Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

[25] *Id.*

[26] <u>Celotex v. Catrett</u>, 477 U.S. 317, 323 (1986).

[27] <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 474 U.S. 574, 586 (1986).

[28] <u>Anderson</u>, 477 U.S. at 255.

[29] *See* <u>Hairston v. Gainesville Sun Pub. Co.</u>, 9 F.3d 913, 919 (11th Cir.1993)(*citation omitted*).

and that inference creates an issue of material fact, then a court must not grant summary judgment.[30]

## III. <u>DISCUSSION</u>

Pursuant to 42 U.S.C. § 405(g), following an unfavorable final decision of the Commissioner, a disappointed Social Security disability benefits claimant "may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." The Social Security Administration's regulations reiterate and explain the application of the sixty day limitation period created by Congress. In cases such as this, where the Appeals Council has denied a request for review of an ALJ's decision, a civil action seeking judicial review of that decision "must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the [ALJ's] decision . . . is received by the individual . . . ."[31] The regulations provide that the date of receipt of the Appeals Council's notice "shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."[32]

The United States Supreme Court has instructed that the sixty day limitation period provided by 42 U.S.C. § 405(g) "is not jurisdictional, but rather constitutes a period of limitations."[33] The temporal limitation embodied in the statute "is a mechanism

---

[30] *Id.* (*citation omitted*).

[31] 20 C.F.R. § 422.210(c) (2005).

[32] *Id.*

[33] <u>Bowen v. City of New York</u>, 476 U.S. 467, 480 (1986). The Eleventh Circuit recognized this fact earlier in <u>Stone v. Heckler</u>, 778 F. 2d 645, 649, n. 7 (11th Cir. 1985).

6

by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually," and must be strictly construed as it is a condition on which the United States agreed to waive its sovereign immunity.[34]

Here, there is no question that Plaintiff failed to file the complaint in a timely manner. Indeed, Plaintiff stipulates that he filed the complaint eighteen days after the sixty day period elapsed.[35] Nevertheless, Plaintiff maintains that "subjecting an individual who is so mentally-ill he cannot comply with the procedural requirements (set out by 42 U.S.C. § 405(g) and its regulatory counterparts) presents a colorable constitutional issue" which provides this Court with subject matter jurisdiction. Alternatively, Plaintiff argues that the statute of limitations should be equitably tolled in this case because he was unable to respond to or understand the notices sent to him by the Commissioner. For the reasons discussed below, the Court rejects both arguments.

**A. Plaintiff has not raised a "colorable constitutional issue"**

Plaintiff argues that his appeal should be heard because his major depressive disorder "raises a colorable constitutional issue" to the extent that it prevented him from timely filing a civil action in this case. Relying on the U.S. Supreme Court's decision in *Califano v. Sanders*,[36] and the Eleventh Circuit's decision in *Elchediak v. Heckler,*[37] Plaintiff claims that he should not be required to comply with the statutory requirements at issue. Plaintiff's reliance on *Sanders* and *Elchediak* in this case, however, is

---

[34] Nodarse v. Barnhart, 319 F. Supp. 2d 1333, 1342 (S.D. Fla. 2004) *Citing* Bowen.

[35] Plaintiff's Response in Opposition to Defendant's Motion, Doc. 14, p. 1.

[36] 430 U.S. 99 (1977).

[37] 70 F. 2d 895 (11th Cir. 1985).

misplaced because the courts in those cases - as well as the courts in the other reported cases which have addressed this argument[38] - were faced with the Commissioner's refusal to reopen previously adjudicated claims on the principle of administrative *res judicata* and not, as here, with the failure of a claimant to file a civil action in federal court within the sixty day statute of limitations.

In *Sanders*, a Social Security claimant sought judicial review of the Commissioner's refusal to reopen a previously adjudicated claim for benefits. There, the claimant did not pursue judicial review of the Commissioner's decision regarding his original claim, but filed a second claim seven years later.[39] The ALJ declined to reopen the original claim, and the claimant filed a civil action in federal court challenging the Commissioner's decision not to reopen.[40] The district court dismissed the case for lack of subject matter jurisdiction and the Seventh Circuit reversed, concluding that the Administrative Procedures Act ("APA") afforded the district court jurisdiction.[41] On appeal, the United States Supreme Court reversed the Seventh Circuit because it

---

[38] *See* Woods v. Apfel, 2000 WL 1367986 (S. D. Ala. 2000)(refusal to reopen previously adjudicated claims on the principle of res judicata raised colorable constitutional issue); Sherrod v. Chater, 74 F.3d 243 (11th Cir. 1996)(ALJ's refusal to reopen claim was not final decision appealable to the district court); Holland v. Heckler, 764 F.2d 1560 (11th Cir. 1985)(Claimant did not raise a colorable constitutional claim to obtain judicial review of denial of application on administrative *res judicata* grounds); Callis v. Department of Health & Human Services, 877 F.2d 890 (11th Cir. 1989)(The federal courts are without jurisdiction to review the Secretary's refusal to reopen a prior application absent a constitutional challenge); Jones v. Apfel, 2000 WL 360241 (S. D. Ala. 2000)("In failing to demonstrate that all three of the *Elchediak* criteria are present, plaintiff has failed to assert a colorable constitutional claim.")

[39] 430 U.S. 99,102 (1977).

[40] *Id.* at 103.

[41] *Id.* at 104.

determined that the APA did not afford a federal court an implied grant of subject matter jurisdiction to hear such a case.

In *dicta*, the *Sanders* Court mentioned the "well-established principle that when constitutional questions are in issue, the availability of judicial review is presumed, and we will not read a statutory scheme to take the 'extraordinary' step of foreclosing jurisdiction unless Congress' intent to do so is manifested by 'clear and convincing' evidence."[42] It is this language upon which Plaintiff relies to suggest that this Court has jurisdiction over his claims. But as the *Sanders* Court found no constitutional question at issue, this Court also finds no constitutional question in the instant matter.

The Eleventh Circuit's decision in *Elchediak* [43] is equally unsupportive of Plaintiff's argument that this Court should hear his case. In *Elchediak*, the claimant, a medically-documented paranoid schizophrenic, filed three applications for disability benefits over a period of three years without the assistance of counsel.[44] The Commissioner denied each application. After the third application was denied, the claimant obtained legal counsel and requested a hearing before an ALJ.[45] At the hearing, claimant's counsel requested that the claimant's original application be reopened, but the ALJ refused because the claimant failed to show any new or material evidence which would require reopening the original application.[46] The ALJ then

---

[42] *Id.* at 109.

[43] 750 F. 2d 892 (11th Cir. 1985).

[44] *Id.* at 893.

[45] *Id.*

[46] *Id.*

concluded that the claimant's current application was barred by the doctrine of *res judicata*.

When the appeals council declined to review the ALJ's decision, the claimant timely filed suit, but the district court dismissed the case because the Commissioner's refusal to reopen a prior application is not a final decision of the Commissioner and because the claimant had failed to raise a colorable constitutional claim.[47] On appeal, the sole issue was whether a constitutional claim arises where a claimant asserts that his mental illness precluded him from effectively litigating his claim for benefits because it prevented him from proceeding in a timely fashion from one administrative level to the next.[48]

After finding that the medical evidence of record confirmed that the claimant suffered from paranoid schizophrenia throughout the administrative proceedings before the Commissioner, the *Elchediak* Court concluded that the claimant *did* in fact raise a constitutional issue "since he has shown: (1) he suffers from a medically-documented mental illness which serves as the basis for his disability claim; (2) on his first application he was without the assistance of counsel or other suitable representation; and (3) that he cannot assert a new claim for benefits because he now lacks insured status."[49] To further narrow its holding, the Eleventh Circuit warned that "we do not intimate that every claimant who alleges that a mental problem or disorder prevented

---

[47] *Id.* at 893-894.

[48] *Id.* at 894.

[49] *Id.* at 894-895. All three elements must be present for a constitutional question to arise. *See* Sherrod v. Chater, 74 F. 3d 243, 246 (11th Cir. 1996); Jones v. Apfel, 2000 WL 360241 (S. D. Ala. 2000).

him from understanding and pursuing his administrative remedies will have raised a constitutional issue."[50]

In reaching its decision, the *Elchediak* Court expressly adopted the Sixth Circuit's approach in *Parker v. Califano*[51] to determine whether a constitutional claim arises where a claimant asserts that his mental illness prevented him from litigating his claim from one administrative level to another.[52] In *Parker*, the claimant alleged that she could not understand or act upon the notices sent by the Commissioner after the denial of her first application for benefits. Specifically, she alleged that her *pro se* status and mental defect precluded her from understanding and acting upon the Commissioner's notice of her right to file a request for reconsideration of the Commissioner's decision on her first application. The Sixth Circuit found that Plaintiff had raised a constitutional issue to the extent that she did not receive meaningful notice and an opportunity to be heard before her claim for benefits was denied.[53]

This case is distinguished from *Elchediak* and *Parker* in a number of ways. Unlike those cases, this case does not involve the Commissioner's refusal to reopen a claim based on administrative *res judicata* despite the claimant's mental illness and *pro se* status throughout the adjudication of his original claim.[54] Put another way, it is not a

_____

[50] *Id.* at 894.

[51] 644 F. 2d 1199 (6th Cir. 1981).

[52] Elchediak at 894 *citing* Parker v. Califano.

[53] Parker at 1203.

[54] It is undisputed that Plaintiff had "suitable representation" during the administrative phase of his claim. *See* Plaintiff's Affidavit, Doc. 14, Ex. A. Plaintiff also makes no argument that his representative failed to adequately advocate for him before the Commissioner.

(continued...)

case where a social security claimant contends that his mental illness and *pro se* status deprived him of the ability "to proceed from one administrative level to another in a timely fashion." In this case, such an argument would rest upon the erroneous assumption that filing a civil action in District Court constitutes an administrative proceeding before the Commissioner.

Rather, this case involves a claimant's request to excuse his tardiness in filing a civil action outside of the sixty day statute of limitations set forth by 42 U.S.C. §405(g) because a mental defect prohibited him from acting upon the Appeals Council's notice of his right to file such an action. This, of course, does not raise a colorable constitutional violation by the Commissioner because Plaintiff's appeal to this Court is not part of the administrative machinery under the Commissioner's control. At the very least, it is only where a plaintiff can show that the Commissioner deprived him of his due process rights *during the administrative process* that he can successfully raise the constitutional concern addressed by *Elchediak* and its progeny.[55]

---

[54](...continued)
   The *Elchediak* Court found it appropriate to review "all the available medical evidence" to determine if a claimant suffered from a documented mental illness during his initial application period. 750 F. 2d 892, 894 (11th Cir. 1986.) Here, the evidence of record fails to show that Plaintiff suffered from a medically-documented mental illness at any time. Aside from his affidavit, Plaintiff offers a December 3, 2003 report of a psychological evaluation completed by Linda S. Bojarski, Psy. D. *See* Bajorski Report, Doc. 14, Ex. C. Upon mental status examination, Bajorski stated that there was no evidence of a thought disorder. She noted that Plaintiff performed mental control exercises very slowly but without error, "inconsistent with severe concentration deficits." In addition, although she found that Plaintiff would have difficulty understanding and remembering detailed instructions, she found that his mental condition presented no limitations on his ability to understand and remember short, simple instructions.

[55]  In <u>Sherrod v. Chater</u>, 74 F. 3d 243, 246 (11th Cir. 1996), the Eleventh Circuit emphasized that its overriding concern in Elchediak "was that the claimant's mental illness, coupled with his pro se status, prevented him from proceeding *from one administrative level to another in a timely fashion*." (*emphasis added*).

Notably, even the Commissioner's decision refusing to extend the sixty day time period for filing a civil action is not subject to judicial review.[56] Moreover, claimants should not rely upon the possibility of an extension of time after requesting an extension from the Commissioner.[57] The Eleventh Circuit has stated that a contrary result "would allow claimants to frustrate the Congressional intent to forestall belated litigation of stale eligibility claims."[58] Similarly, if the Court were to allow Plaintiff to proceed with his civil action in this case, the Congressional intent to forestall belated litigation would be frustrated, as mentally ill litigants would then be empowered to avoid the sixty day limitation simply by raising a due process claim on appeal to this Court.

In light of the foregoing, the Court finds that Plaintiff has failed to raise any colorable constitutional question in this case which would warrant the Court  to disregard the untimeliness of Plaintiff's appeal and to hear the case.

## B. Equitable Tolling is Unjustified in this Matter

Plaintiff's contention that the statute of limitations should be tolled in this matter is also due to be rejected. The United States Supreme Court has determined that section 405(g) was designed to be "unusually protective of claimants," and, consistent with the overall congressional purpose of the statute, a "traditional equitable tolling principle" may apply to its sixty (60) day limit.[59]

---

[56] Stone v. Heckler, 778 F. 2d 645, 649 (11th Cir. 1985).

[57] Id. at 648. Here, even if Plaintiff sent the letter to the correct Social Security office, the letter did not toll the sixty day statute of limitations.

[58] Id. Citing Califano v. Sanders, 430 U.S. 99 (1977).

[59] Bowen at 480.

13

The Eleventh Circuit recently reiterated that equitable tolling is reserved for only those cases which demonstrate "extraordinary circumstances."[60] A court may toll temporal limitations "only upon finding an inequitable event that prevented plaintiff's timely action," and the burden is on the plaintiff to show that equitable tolling is warranted."[61] Equitable tolling is appropriate where: (1) the defendant misleads the plaintiff into allowing the statutory period to lapse; (2) the plaintiff has no reasonable way of discovering the wrong perpetrated against him; or where (3) the plaintiff timely files a technically defective pleading.[62] However, a plaintiff will not be entitled to tolling when "the plaintiff does not file [his] action in a timely fashion despite knowing or being in a position reasonably to know that the limitations period is running" or "when [he] fails to act with due diligence [...]."[63] Indeed, even where a plaintiff is generally diligent, if he files late due to his own negligence, then he typically will not be entitled to equitable tolling of the statute of limitations.[64]

Applying the foregoing principles to the facts at hand, the Court finds no "extraordinary circumstances" which would warrant tolling the limitations period in this case. First, there is no evidence, or even an allegation, that Defendant intentionally mislead Plaintiff into allowing the statutory period to lapse. To the contrary, the Appeals

---

[60] *See* Cabello v. Fernandez-Larios, 402 F.3d 1148 (11th Cir. 2005).

[61] Justice v. United States, 6 F.3d 1474, 1479 (11th Cir. 1993).

[62] *Id.* Additionally, in order to apply equitable tolling, "courts usually require some affirmative misconduct, such as deliberate concealment" on the defendant's part. *See* Cabello *quoting* Arce, et al. v. Garcia, 400 F.3d 1340, 1349 (11th Cir. 2005).

[63] *Id.*

[64] *Id.*

14

Council's notice gave explicit directions to Plaintiff concerning how to appeal and the time limit for filing an appeal. While Plaintiff argues that the Appeals Council's notice was ambiguous and confusing to the extent that four addresses could be found on three different pages of the notice, it is undisputed that the notice: (1) advised Plaintiff that he could request an extension of time; (2) instructed Plaintiff to send the request to the Appeals Council; and (3) revealed the Appeals Council's address. Moreover, although Plaintiff claims that he was incapable of comprehending the notice, it was Mr. Schaffer, his representative, who advised Plaintiff to send his request to the wrong address.

Secondly, Plaintiff did not file a technically defective request. Rather, according to the Social Security Administration, he failed to file *any* request. John J. Timlin, the Acting Chief of court case preparation and Review Branch IV of the Office of Appellate Operations, Office of Hearings and Appeals, has averred in a sworn statement that he was unaware of any request for an extension of time to file a civil action in this case.[65] Plaintiff's argument that a letter to the Office of General Counsel "is just as much a letter to the Commissioner as a letter to the Appeals Council," is unavailing and does not, by itself, relieve him of the requirements set forth by 42 U.S.C. § 405(g).

Finally, Plaintiff's lack of diligence makes equitable tolling inappropriate in this matter. Plaintiff received the Appeals Council's decision six days after it was issued.[66] Nine days later, Plaintiff's representative, David Schaffer, advised Plaintiff that he

---

[65] *See* Declaration of John J. Timlin, Doc. 8, Ex. 2 at ¶ 3(b).

[66] Claimant's Affidavit, Doc. 14, Ex. A. at ¶ 8.

needed to file an appeal in federal court.[67] Finally, the office of Plaintiff's counsel was provided with the Appeals Council's notice on October 9, 2004 - nine days before the statute of limitations expired. In light of the foregoing, it is abundantly clear that Plaintiff was less than diligent in this matter. Accordingly, equitable tolling is unavailable to Plaintiff.

## IV.  RECOMMENDATION

For the reasons stated above, it is respectfully **RECOMMENDED** that:

(1) Defendant's Motion for Summary Judgment (Doc. 8) be **GRANTED**; and

(2) the Clerk be directed to enter judgment for Defendant, terminate all pending motions, and close the file.

**IN CHAMBERS** in Ocala, Florida, this 12th day of May, 2005.

_____
GARY R. JONES
United States Magistrate Judge

Copies to:
      The Honorable Wm. Terrell Hodges,
      Senior United States District Judge

      Counsel of Record

---

[67] *Id.* at ¶ 9.