UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WESLEY S. WALLER,

            Plaintiff,

-vs-                                                Case No.  5:04-cv-488-Oc-10GRJ

JO ANNE B. BARNHART,
Commissioner of Social Security,

            Defendant.
_____/

## **O R D E R**

      This social security case comes before the Court on the report of the United States Magistrate Judge (Doc. 18) recommending that summary judgment be granted in favor of the Commissioner of Social Security on the ground that the sixty-day limitations period found in 42 U.S.C. § 405(g) for seeking review of an unfavorable final decision of the Commissioner had expired eighteen days prior to the Plaintiff filing suit in this Court.  In making the Report and Recommendation, the Magistrate Judge rejected the two closely related arguments made by the Plaintiff.  Essentially, the Plaintiff argues that his mental impairment and depression precluded him from filing suit within the limitations period, and so he should be excused from having to comply with the sixty-day filing period.  The Court agrees with the Magistrate Judge that the Plaintiff has presented no basis for excusing his admittedly tardy filing.

      The Plaintiff maintains that he was "virtually paralyzed" by depression upon learning that the Appeals Council refused to consider his appeal and upon learning that the person

representing him was not an attorney. In his affidavit, the Plaintiff says that he was "extremely upset, anxious and then depressed," withdrew into his bedroom, and "just didn't feel like living any more." He claims that when he eventually met with an attorney, he forgot to bring the Social Security decisions with him because he "just couldn't think right." He was unable to send the attorney the decisions until only nine days before expiration of the sixty-day period, and as a result, the attorney was unable to meet with the Plaintiff until after the period had expired. The Plaintiff claims that his emotional paralysis prevented him from filing this civil action in a timely manner and justifies equitable tolling of the limitations period.

Section 405(g)'s sixty-day period "is not jurisdictional, but rather constitutes a period of limitations" which is subject to "traditional equitable tolling principle[s]."[1] In support of his argument, the Plaintiff cites to the Second Circuit's decision in Canales v. Sullivan,[2] which held that in certain circumstances mental illness may warrant equitable tolling of the limitations period. In Canales, the Second Circuit held:

> [W]e believe that equitable tolling of the 60-day statute of limitations of Section 405(g) may be warranted in cases where an SSI disability claimant fails to seek judicial review in a timely manner because of mental impairment. Where a claimant avers

---

[1] Bowen v. City of New York, 476 U.S. 467, 480 (1986). For this reason, the Plaintiff's first argument, predicated on the Eleventh Circuit's decision in Elchediak v. Heckler, 750 F.2d 892 (11th Cir. 1985), must fail. Elchediak dealt with the jurisdiction of the district court to consider "colorable constitutional issues" raised by claimants in civil cases seeking review of non-final decisions of the Commissioner of Social Security. There is no dispute here about whether the Commissioner's decision is a final decision sufficient to invoke the jurisdiction of the Court. The dispute is over whether the limitations period, which is not jurisdictional, should be tolled. Therefore, whether or not the Plaintiff has raised a constitutional issue (which the Court does not believe he has) has no bearing on whether the statute of limitations should be tolled.

[2] 936 F.2d 755 (2d Cir. 1991).

>   incapacity due to mental impairment during the 60-day period, the district court should permit the claimant to present evidence in support of this claim. If the claimant proves that she was incapacitated for any length of time during the 60-day period, then the district court can determine whether, considering all of the circumstances of the case, equitable tolling is warranted.[3]

Assuming that the Eleventh Circuit would agree with Canales, the Plaintiff has nevertheless failed to prove that equitable tolling is warranted in his case because he has not submitted evidence that he was sufficiently incapacitated during the sixty-day limitations period. In order to justify tolling § 405(g)'s limitations period on the basis impairment due to mental illness, the Plaintiff must do more than merely generally aver incapacity. He must submit particularized evidence of "mental impairment plausibly of sufficient severity to impair comprehension."[4] There is no evidence that during the sixty-day period the Plaintiff could not or did not understand the notices sent to him by the Appeals Council informing him of the deadline for filing this case. In fact, it is clear that the Plaintiff appreciated the need for timely action because he sent a letter to the Office of the General Counsel for the Social Security Administration requesting an extension of time. The letter was ineffective, however, because it should have been sent to the Appeals

---

[3] Id. at 759. The Second Circuit extended the Eleventh Circuit's holding in Elchediak, *supra*, and concluded: "While we recognize that Elchediak dealt with mental illness preventing a claimant from proceeding from one administrative level to another, its analysis is also apposite where a mentally impaired claimant attempts to advance from the Appeals Council to a district court." Id. at 758-59.

[4] Byam v. Barnhart, 336 F.3d 172, 182 (2d Cir. 2003). See also Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000) (applying Canales in a Rehabilitation Act case and concluding that the plaintiff's "conclusory and vague claim, without a particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights, is manifestly insufficient to justify any further inquiry into tolling.").

Council.[5]   Moreover, the record does not contain any objective assessment of the Plaintiff's mental capacity during the sixty-day period.  The only objective assessment of the Plaintiff's cognitive abilities in the record is supplied by a report of a psychologist issued nearly eight months before the limitations period commenced in which the Plaintiff was observed to have "performed mental control exercises very slowly, however without error, [which is] inconsistent with severe concentration deficits."

Furthermore, the Plaintiff's affidavit testimony that he became depressed, tired, and withdrew from his family and friends after learning that his representative was not an attorney and could not represent him before this Court is not sufficient evidence of a "virtual paralysis" warranting a tolling the limitations period.  While the Court is mindful that in some cases mental illness may be so severe as to render the afflicted person incapable of prosecuting a civil case, equitable tolling on the basis of mental incapacity alone, without evidence of inequitable conduct on the part of the Commissioner, is not appropriate where, as here, there is no objective evidence of incapacitation due to illness (either before or after the commencement of the limitations period) and the only evidence submitted in support of the incapacity claim at best shows that it was the unfavorable decision of the Appeals Council which brought on the period of mental impairment.[6]

---

[5] The Plaintiff mailed a pro se request for an extension of time to the Office of General Counsel in Baltimore, Maryland, instead of sending it to the Appeals Council in Falls Church, Virginia.  Only the Appeals Council may grant an extension of the sixty-day period.  The Court agrees with the Magistrate Judge's conclusion that the Plaintiff's deficient request for an extension of time did not toll the limitations period.  The request letter is not the same as a deficient pleading, which may serve to toll the limitations period.

[6] Canales, 936 F.2d at 759 n. 5 (questioning in dictum whether "equitable tolling is
(continued...)

Equitable tolling is reserved for only those cases demonstrating "extraordinary circumstances."[7] The Magistrate Judge was correct to conclude that none of the usual factors for finding equitable tolling is present in this case. The exception recognized by the Second Circuit is a special one, reserved for those who demonstrate a serious impairment. Otherwise, allowing every disability claimant who has been denied benefits to toll the sixty-day period on grounds of poor health "would thoroughly undermine [Section 405(g)'s] sixty-day limitation period."[8] Even if such an exception were recognized in the Eleventh Circuit, it would not be applicable under the facts of this case. Accordingly, the Court agrees with the Magistrate Judge and concludes that there is no basis for equitably tolling of the sixty-day limitations period.

## Conclusion

Accordingly, upon an independent review of the file and upon due consideration, it is adjudged that:

(1) the objections to the Magistrate's Report and Recommendation (Doc. 19) are overruled;

(2) the Report and Recommendation of the Magistrate Judge (Doc. 18) is adopted, confirmed, and made a part hereof;

(3) the Defendant's motion for summary judgment (Doc. 8) is GRANTED; and

---

[6](...continued)
appropriate where the Secretary's final decision and notice of right of appeal allegedly causes the period of mental impairment.").

[7] Cabello v. Fernandez-Larios, 402 F.3d 1148 (11th Cir. 2005).

[8] Wong v. Bowen, 854 F.2d 630, 631 (2d Cir. 1988).

(4) the Clerk is directed to enter judgment in favor of the Defendant, terminate any pending motions, and close the file.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 13th day of July, 2005.

UNITED STATES DISTRICT JUDGE

Copies to:   Hon. Gary R. Jones, United States Magistrate Judge
             Counsel of Record
             Maurya McSheehy